

# THE ATTORNEY GENERAL
## OF TEXAS

May 15, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Scott W. Johnson          Opinion No. JM-702
Reeves County Attorney
P. O. Box 749                       Re:  Authority of a county auditor
Pecos, Texas  79772                 to audit the inmate trust and jail
                                    commissary fund

Dear Mr. Johnson:

Your request for an opinion poses the following question:

> Are the inmate trust account and jail commissary account, held and operated by the county sheriff subject to audit by the county auditor?

We believe Attorney General Opinion H-1185 (1978) to be dispositive of your question. Insofar as is relevant to the issue you present, it provides:

> The county attorney contends that, since bond money is held by the sheriff in trust on behalf of a defendant, it never assumes the character of county funds and is therefore not subject to audit. Article 1651, V.T.C.S., however, grants to the county auditor
>
>> a general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of, or belonging to, the county. . . .
>
> Thus, if a county officer is authorized to collect any funds belonging to the county, all his records are subject to audit, <u>without regard to the character of any particular money which he collects in an official capacity</u>.
>
> Furthermore, by virtue of article 1653, V.T.C.S., the auditor is granted 'continual access' to and required to 'examine all the books, accounts,

reports, vouchers and other records of any officer. . . .' In Attorney General Opinion WW-1400 (1962), this office held that it was the county auditor's duty 'to audit the child support account books of a District Clerk.' We believe it is abundantly clear that the statutes direct the county auditor to audit all monies held by the sheriff in an official capacity, whether or not such monies belong to the county. But cf., Attorney General Opinion M-803 (1971) (sheriff is not required to comply with county auditor's request under article 1663 for information on feeding prisoners). (Emphasis added).

It would appear that the circumstances in Attorney General Opinion H-1185 are similar to those you have presented. Thus, it is our opinion that the inmate trust account and the jail commissary account held by the sheriff are subject to audit by the county auditor.

## SUMMARY

The inmate trust account and the jail commissary account held and operated by the county sheriff, whether or not the monies therein belong to the county, are subject to audit by the county auditor under articles 1651 and 1653, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General